# STATE OF MICHIGAN
# COURT OF APPEALS

*In re* Estate of DOLORES C. SOLTYS.

---

DENNIS SOLTYS, SR., and MARLENE HARRIS

        Plaintiffs-Appellees,

v

DAVID A. SCHMIDLIN, Personal Representative
of the Estate of KATHLEEN SCHMIDLIN,

        Defendant-Appellant.

UNPUBLISHED
February 24, 2015


No. 311143
St. Clair Probate Court
LC No. 2009-000587-CZ

---

ON REMAND

Before: METER, P.J., and CAVANAGH and SAAD, JJ.

PER CURIAM.

The Michigan Supreme Court entered an order on November 26, 2014, vacating the portion of this Court's opinion in *In re Estate of Soltys*, unpublished opinion per curiam of the Court of Appeals, issued January 7, 2014 (Docket No. 311143), in which we found that the trial court did not err in finding that plaintiffs had rebutted the presumption in MCL 487.703 of the depositor's intention to vest title to jointly held accounts in the surviving joint owner. *In re Estate of Soltys*, 497 Mich 908; ___ NW2d ___ (2014). The Supreme Court stated that this Court failed to adequately analyze, using the applicable standard, the proofs needed to overcome the presumption and remanded the case to this Court "for application of the proper standard." *Id*. After applying the standard as set forth by the Supreme Court, we once again affirm the judgment for plaintiffs that was entered following a bench trial.

This case arose from a dispute among siblings regarding the division of certain assets in their mother's estate. This Court's original opinion set forth the pertinent facts:

As noted by defendant,[1] many of the pertinent facts in this case are not in dispute. Leo and Dolores Soltys had three children, Kathleen, Marlene, and Dennis. The parents put Kathleen, defendant's decedent, on their various accounts starting around 1992, and she remained a joint account-holder with Dolores after Leo's death in 2004. When Dolores died in 2007, Kathleen claimed the accounts to the exclusion of plaintiffs and added her husband, defendant. In addition, in 2006 and 2007, Dolores had signed over certain real estate to Kathleen and Marlene only, with rights of survivorship. Plaintiffs filed the instant lawsuit to obtain assets from Dolores's estate.

A lengthy bench trial took place, and the trial court issued a detailed opinion consisting of 24 single-spaced pages of findings. The court found that Leo and Dolores had intended their accounts "to be shared equally between their children." It found that "[e]stablishment of the joint accounts was done for the convenience of Leo and Dolores, and was not intended by either of them to constitute a conveyance of those accounts to Kathleen." The trial court ordered defendant to pay each plaintiff 1/3 of Dolores's joint accounts. The court also found that Marlene only owned the real estate, but it stated that "[d]efendant is not entitled to reimbursement for any of the expenses it incurred for the upkeep or maintenance of the real property." On appeal, defendant takes issue with these findings and also requests an award of attorney fees and costs. [*In re Estate of Soltys*, unpub op at 1-2.]

Defendant claimed an appeal in this Court, and we affirmed the trial court's decision. The bulk of our opinion concerned the trial court's finding that Dolores and Leo intended that their accounts were to be shared equally among their three children, notwithstanding that Kathleen was the only child whose name appeared on the accounts. We engaged in a detailed analysis of the trial court's factual findings, *id.*, unpub op at 2-6, and ultimately stated:

As noted in *Allstaedt v Ochs*, 302 Mich 232, 237; 4 NW2d 530 (1942), the statutory presumption arising from the joint accounts can be rebutted by competent evidence. Even though we have found *some* of the trial court's findings to be clearly erroneous, ample evidence remains in place to support the trial court's ultimate finding concerning the joint accounts. The trial court's finding "is plausible in light of the record viewed in its entirety," and thus reversal is unwarranted. *Beason* [*v Beason*], 435 Mich [791,] 803[; 460 NW2d 207 (1990)]. [*In re Estate of Soltys*, unpub op at 6.]

After defendant sought leave to appeal in the Michigan Supreme Court, that Court entered the following order:

---

[1] Kathleen Schmidlin died during these proceedings. Her estate, with her husband as personal representative, was substituted as defendant.

On order of the Court, the application for leave to appeal the January 7, 2014 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we VACATE that part of the Court of Appeals opinion affirming the ruling of the St. Clair Probate Court that the plaintiffs had sufficiently rebutted the statutory presumption of a depositor's intention to vest title to jointly held accounts in the surviving joint owner, MCL 487.703. In this case, the statutory presumption that the decedent intended the joint accounts to become the property of the survivor arose based on evidence that the decedent created and maintained the accounts until her death. *Jacques v Jacques*, 352 Mich 127 (1958). The Court of Appeals stated that "the statutory presumption . . . can be rebutted by competent evidence." However, although a party challenging the statutory presumption certainly must proffer competent evidence, the relevant question is whether the party has met its burden of proof to overcome the statutory presumption by providing reasonably clear and persuasive proof of a contrary intention. *Id*.; *Lau v Lau*, 304 Mich 218 (1943); see also *Kirilloff v Glinisty*, 375 Mich 586 (1965). We REMAND this case to the Court of Appeals for application of the proper standard. In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining question presented should be reviewed by this Court . . . . [*In re Estate of Soltys*, 497 Mich at 908.]

MCL 487.703 provides:

When a deposit shall be made, in any bank by any person in the name of such depositor or any other person, and in form to be paid to either or the survivor of them, such deposits thereupon and any additions thereto, made by either of such persons, upon the making thereof, shall become the property of such persons as joint tenants, and the same together with all interest thereon, shall be held for the exclusive use of the persons so named and may be paid to either during the lifetime of both, or to the survivor after the death of 1 of them, and such payment and the receipt or acquittance of the same to whom such payment is made shall be a valid and sufficient release and discharge to said banking institution for all payments made on account of such deposits prior to the receipt by said bank of notice in writing not to pay such deposit in accordance with the terms thereof.

When a deposit has been made, or shall hereafter be made, in any banking institution transacting business in this state, in the names of 2 or more persons, payable to either or the survivor or survivors, such deposit or any part thereof or any interest or dividend thereon and any additions thereto, made by any 1 of the said persons, shall become the property of such person as joint tenants, and the same shall be held for the exclusive use of the persons so named and may be paid to any 1 of said persons during the lifetime of said persons or to the survivor or survivors after the death of 1 of them, and such payment and the receipt or acquittance of the same to whom such payment is made shall be a valid and sufficient release and discharge to said banking institution for all payments made on account of such deposits prior to the receipt by said bank of notice in writing not to pay such deposit in accordance with the terms thereof.

The making of the deposit in such form shall, in the absence of fraud or undue influence, be prima facie evidence, in any action or proceeding, to which either such banking institution or surviving depositor or depositors is a party, of the intention of such depositors to vest title to such deposit and the additions thereto in such survivor or survivors.

The presumption that owners of a joint account with the right of survivorship intended that title to the funds in the account would vest in the survivor or survivors can be "rebutted by reasonably clear and persuasive proof to the contrary, i.e., by proof of the decedent's intent that title to the jointly held funds not vest in the survivor." *In re Cullmann Estate*, 169 Mich App 778, 786; 426 NW2d 811 (1988).

This Court reviews for clear error a trial court's findings of fact and gives deference to the trial court's superior ability to assess the credibility of witnesses. *Miller-Davis Co v Ahrens Constr, Inc*, 495 Mich 161, 172; 848 NW2d 95 (2014). A finding is clearly erroneous "if there is no substantial evidence to sustain it or if, although there is some evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed." *Id*. at 172-173.

The Supreme Court did not find fault with the trial court's findings of fact or, more specifically, with our review of the trial court's findings, but remanded the case to this Court for "application of the proper standard" to the facts. *In re Estate of Soltys*, 497 Mich at 908. Therefore, we will not revisit our review of the propriety of the trial court's factual findings. These analyses are adequately set forth in our earlier opinion. *In re Estate of Soltys*, unpub op at 2-6.

The facts as found support a conclusion that the statutory presumption in MCL 487.703 was overcome by reasonably clear and persuasive proof. The following findings are pertinent: (1) Dennis and Marlene both testified that their parents always told them that all of the children would be treated equally; (2) the inclusion of Kathleen's name on the accounts was initially done at a time when no disharmony existed in the family; (3) Dolores had indicated that she "trusted" Kathleen and, in conjunction with this statement, indicated that Leo had wanted joint accounts in order to avoid probate; (4) defendant testified that Kathleen had told Marlene that there would be an equitable distribution of Dolores's property; (5) Kathleen had been less than forthcoming about the accounts, had lacked credibility in certain other respects, and had told Marlene that she "maybe" would get half of the real estate even though Kathleen "was a signatory to deeds conveying essentially all of Dolores's real estate to herself and Marlene;" (6) defendant testified that he believed that Kathleen had not spent any money from the accounts "because it was Dolores's money;" and (7) Kathleen made statements indicating hesitation regarding whether she was meant to receive all the money from the accounts.

Significantly, the inclusion of Kathleen's name on the accounts at a time when no disharmony existed in the family buttressed the evidence that this step was taken for the convenience of avoiding probate. It also buttressed the evidence that Dolores "trusted" Kathleen. It is a reasonable inference, from context, that Dolores "trusted" Kathleen to fulfill the wishes of Dolores and Leo. In addition, there was evidence that Dolores and Leo wanted their children to be treated equally. Moreover, Kathleen's refusal to be forthcoming about the

-4-

accounts and her statement that Marlene "might" share equally in the real property, notwithstanding that Kathleen was a signatory to deeds conveying the property to herself and Marlene, indicated that Kathleen herself was less than credible and did not have a firm *and honest* belief that Leo and Dolores intended that she was to have all the funds in the accounts. Plaintiffs provided reasonably clear and persuasive proof to rebut the statutory presumption in MCL 487.703, and we find no basis for reversing the trial court's judgment.

Affirmed.

/s/ Patrick M. Meter
/s/ Mark J. Cavanagh
/s/ Henry William Saad